UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                       Plaintiff,

          - against -

BGC PARTNERS, INC, BGC BROKERS US, L.P.
BGC FINANCIAL L.P., and BGC USA, L.P.,

                       Defendants.
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 2 MAY 2010

10 Civ. 00128(PAC) (FM)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiff International Business Machines Corporation ("IBM") brings this action against BGC Partners, Inc., BGC Brokers US, L.P., BGC Financial L.P, and BGC USA, L.P. (collectively, "BGC") asserting claims for copyright infringement, breach of contract and replevin. BGC counterclaims for breach of contract and for a declaratory judgment. IMB's claims, and BGC's counterclaims, all relate to BGC's right to possess and use IBM's "Informix" database management and online transaction processing software. BGC currently uses the Informix software to operate its multimillion dollar inter-dealer brokerage business, but is in the process of transitioning to another database software platform.

       IMB moves pursuant to Rule 64 of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 7102 for an order of seizure directing the United States Marshall to seize all copies of the Informix software in BGC's possession. IMB also moves to dismiss BGC's counterclaims under Rule 12(b)(6) for failure to state a claim. For its part, BGC moves for a preliminary injunction enjoining IBM from withholding maintenance and technical

support for the Informix software. As indicated to the parties at oral argument, all three motions are DENIED.

An "order of seizure, like a provisional remedy, is not a matter of entitlement but rests in the discretion of the Court." Tyrrel v. Bedford Computer Corp., No. 81 Civ. 1530(RWS), 1981 U.S. Dist. LEXIS 16741, at *4 (S.D.N.Y. Dec. 15, 1981). In exercising this discretion, courts have applied the criteria used in deciding motions for preliminary injunctions. See id. at 5; Airlines Reporting Corp. v. Omnia Travel Serv., Inc., No. 86 Civ. 2350(CSH), 1986 U.S. Dist. LEXIS 4900, at *4 (S.D.N.Y. Apr. 18, 1986) ("[t]he irreparable harm requirement from the . . . test in this circuit for issuing a preliminary injunction, has been employed by this Court and others in deciding whether the discretionary provisional order of seizure should issue.") (collecting cases). Indeed, the relief IBM truly seeks is a preliminary injunction preventing BGC from using the Informix software, not simply seizure of the software. Regardless, IBM has not shown that in the absence of an order of seizure or a preliminary injunction it will likely suffer "irreparable harm." Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 242 (2d Cir. 2009) (party seeking preliminary injunctive relief must show "the likelihood of irreparable injury in the absence of such an injunction . . . ").

This is not a case where "remedies available at law, such as monetary damages, are inadequate to compensate for . . . [the alleged] injury." Salinger v. Colting, __ F.3d __, No. 09-2878-cv, 2010 WL 1729126, at * 9 (2d Cir. Apr. 30, 2010) (quoting eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). IBM's sole claim of irreparable harm is that "[i]f other licensees believe that a licensor cannot enforce its superior possessory rights over the software that is subject of a licensing dispute, the

2

licensor's ability to negotiate and enforce its license can be negatively impacted." (IMB's Reply to BGC's Response to Motion for Order of Seizure at 12-13.) As Judge Mukasey noted in a similar case: "If that were the standard, every claim for breach of contract and the like would warrant injunctive relief, lest others be tempted to violate contracts as well. The argument fails of its own weight." Computer Generated Solutions, Inc. v. Koral, No. 97 Civ. 6298(MBM), 1998 U.S. Dist. LEXIS 22801, at *4 (S.D.N.Y. Dec. 9, 1998). Any IMB injury due to BGC's continued use or misuse of the Informix software is fully compensable through monetary damages and therefore an order of seizure is unwarranted.

Moreover, an application for an order of seizure "may be defeated by a showing of a good faith defense to [the] movant's claim." East Side Car Wash, Inc. v. K.R.K. Capitol, Inc., 102 A.D.2d 157, 161 (App. Div. 1st Dep't 1984). In 2001, IBM purchased the rights to the Informix software from a company named Informix Corporation. In 2005, BGC acquired a company, Euro Brokers, which years earlier had entered a contract with Informix Corporation. According to BGC, the contract between Euro Brokers and Informix Corporation entitled Euro Brokers (and hence entitles BGC) to use the Informix software and to receive maintenance and support for the software. BGC's defense that it is entitled to possess and use the Informix software based on the contract is asserted in good faith and provides further reason to deny IBM's motion for an order of seizure.

At oral argument, BGC all but conceded that it is not entitled to a preliminary injunction enjoining IMB from refusing to provide maintenance and technical support for the Informix software. At this juncture, BGC cannot show that it is likely to suffer irreparable harm if the Court does not issue the requested injunction. See Zino Davidoff,

571 F.3d at 242. After learning that IBM was refusing to provide maintenance and support, BGC waited nearly eight months before making its application for a preliminary injunction, and then only in response to IBM's motion to seize the Informix software. BGC does not contend that it is currently experiencing problems with the Informix software or that there is any real likelihood that it will experience unmanageable problems in the future. Since BGC has not shown that it will likely suffer irreparable harm in the absence of a preliminary injunction, its motion is denied.

Finally, IMB moves to dismiss BGC's counterclaims for breach of contract and for declaratory relief for failure to state a claim. As recently explained by our Court of Appeals, "although Twombly and Iqbal require, 'factual amplification [where] needed to render a claim plausible,' Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (quoting Ross v. Bank of America, N.A. (USA), 524 F.3d 217, 225 (2d Cir. 2008)), . . . Twomby and Iqbal [do not] require the pleading of specific evidence or extra facts beyond what is needed to make a claim plausible." Arista Records LLC v. Doe 3, __ F.3d __, No. 09-0905-cv, 2010 WL 1729107, at *9 (2d Cir. Apr. 29, 2010). BGC has stated a plausible claim for breach of contract and therefore further "factual amplification" is unnecessary. Simply because BGC does not currently possess a copy of the contract between Euro Brokers and Informix Corporation does not mean that a valid contract does not exist.[1] Indeed, IMB does not dispute the contract's existence. (Am. Compl. ¶¶ 10-11.) And after purchasing the rights to the Informix software, IBM continued to provide Euro Brokers and then BGC with maintenance and support for the software. While the exact terms of the contract are unclear as of yet, this lack of total

---

[1] The contract was apparently destroyed as a result of the September 11, 2001 terrorist attack on the World Trade Center, where Euro Brokers' and BGC's offices were located.

4

clarity is not a reason to dismiss BGC's counterclaim; instead, it is a reason to have discovery.

IMB argues that because BGC's declaratory judgment counterclaim mirrors its affirmative defenses and IMB's claims it must be dismissed. Simply because a declaratory judgment claim overlaps with other claims or defenses is not, however, a sufficient reason to dismiss the claim at the pleading stage. See Gervais v. Riddle & Assocs., No. 3:03CV2102PCD, 2004 WL 725532, at *2 (D. Conn. Mar. 23, 2004). BGC has an interest, independent of IBM's claims, in obtaining a declaration that IBM is required to provide maintenance and support for the Informix software. See Leach v. Ross Heater & Mfg. Co., Inc., 104 F.2d 88, 91-92 (2d Cir. 1939).

## Conclusion

For the foregoing reasons, IBM's motions for an order of seizure and to dismiss BGC's counterclaims are DENIED. BGC's motion for a preliminary injunction is likewise DENIED. The Clerk is directed to close the motions at docket numbers 15, 22, 32 and 43.

Dated: New York, New York
       May 11, 2010

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge